**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**KIM L. ANDERSON,**

> **Petitioner,**

**v.**

> CASE NO. 2:13-CV-00622
> JUDGE SMITH
> MAGISTRATE JUDGE KING

**NORMAN ROBINSON,**

**ORDER AND**
**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's *Motion to Expand the Record*, Doc. No. 7, *Motion for Summary Judgment and Bail,* Doc. No. 16, and *Motion for Judgment of the Pleading,* Doc. No. 19. For the reasons that follow, the *Motion to Expand the Record* is **DENIED** and it is **RECOMMENDED** that Petitioner's *Motion for Summary Judgment and Bail,* and *Motion for Judgment of the Pleading* be **DENIED.**

This case involves Petitioner's October 6, 2008, convictions, following a jury trial in the Franklin County Court of Common Pleas, on one count of engaging in a pattern of corrupt activity, one count of theft, five counts of forgery, five counts of money laundering, and one count of identity fraud related to his participation in a mortgage-fraud scheme. *See State v. Anderson,* No. 12AP-516, 2013 WL 2965253 (Ohio App. 10th Dist. June 13, 2013). The trial court sentenced Petitioner to an aggregate term of fifteen years' imprisonment. On December 15, 2009, the state court of appeals affirmed Petitioner's convictions. *State v. Anderson,* 2009 WL 4809869. On January 25, 2011, the Ohio Supreme Court affirmed the judgment of the Court of Appeals. *In re Cases Held for Decision in State v. Hodge,* 128 Ohio St.3d 234, 2011–Ohio–

1

228, ¶ 6.  Petitioner filed a motion for a new trial and pursued various collateral actions, without success.

The *Petition,* Doc. No. 3, alleges that the trial court improperly imposed consecutive sentences without making the findings required by O.R.C. § 2929.14(E) (claim one); that his convictions violate Ohio's statute on allied offenses of similar import based on the imposition of consecutive terms of incarceration (claim two); that the evidence is constitutionally insufficient to sustain his convictions (claim three); that Petitioner was denied a fair trial due to the State's violation of discovery rules (claim four);  that Petitioner's trial counsel functioned under a conflict of interest (claim five); and that the trial court violated Ohio's Criminal Rule 16, improperly created its own jury questionnaire, and abused its discretion in not granting the request for a change of venue (claims six through eight).[1]

**Motion to Expand the Record**

Petitioner seeks to expand the record to include documents from the Offices of the Fairfield and Delaware County Auditors and other documents (*i.e*., a copy of the *Corrected Entry* of sentence and what appears to be a portion of the trial transcript).   Petitioner contends that these records, which were allegedly improperly withheld by the prosecution, establish his innocence on the charges against him and support his claims of prosecutorial misconduct, ineffective assistance of counsel and insufficiency of the evidence.  Petitioner also contends that the documents will assist the Court in determining whether an evidentiary hearing is required.

---

[1] This is Petitioner's second habeas corpus action filed in this Court. Petitioner's first action, *Anderson v.Warden Chillicothe Correctional Institution,* 2:12-CV-00130 (S.D. Ohio July 12, 2012), was dismissed by the Court without prejudice – at Petitioner's request – for failure to exhaust state court remedies.

Respondent opposes Petitioner's request as premature[2] and because, Respondent contends, at least some of Petitioner's claims are procedurally defaulted. Respondent also complains that one proffered document is illegible. *Respondent's Opposition to Motion to Expand the Record*, Doc. No. 11.

To the extent that Petitioner's request to expand the record refers to the *Corrected Entry* of sentence and what appears to be a portion of the trial transcript in this case, the motion is **DENIED.** These documents are either already before the Court,[3] *Anderson v. Warden Chillicothe Correctional Institution*, 2:12-cv-130, *Exhibits 5-8* attached to *Motion to Dismiss*, Doc. No. 8, PageID# 97-112, or are undecipherable, *see* PageID# 191-92, and therefore will not assist either the parties or the Court in resolving Petitioner's claims.

The remaining documents attached to Petitioner's *Motion to Expand the Record* include a document captioned "Data for Parcel 0360568100," *Exhibit A-1*, and what purports to be a transfer record from the Delaware County Auditor on Parcel ID# 31942501023000, *Exhibit A-2*.

Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> (a) In General. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.

> (b) Types of Materials. The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.

---

[2] The *Motion to Expand the Record* was filed prior to the filing of the *Return of Writ,* Doc. No. 14.
[3] Exhibits 5, 6 attached to *Motion to Dismiss*, Doc. No. 8, *Anderson v. Warden Chillicothe Correctional Institution*, 2:12-cv-130. These exhibits have been incorporated by reference into the *Return of Writ* in this case. *Return of Writ*, Doc. No. 14, PAGEID 205.

> (c) Review by the Opposing Party. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

The purpose of this rule is not only to enable the court to consider the merits of claims without an evidentiary hearing, but also to assist the court in determining whether an evidentiary hearing is warranted. *Blackledge v. Allison*, 431 U.S. 63, 81 (1977).

In *Cullen v. Pinholster*, – U.S. –, 131 S.Ct. 1388, 1398 (2011), the United States Supreme Court held that federal review under 28 U.S.C. § 2254(d) of a claim adjudicated on the merits by a state court is limited to the factual record that was before the state court. *See* 28 U.S.C. § 2254(e)(2); *Holland v. Jackson*, 542 U.S. 649, 652 (2004) ("[W]hether a state court's decision was unreasonable must be assessed in light of the record the court had before it"). *See also Ballinger v. Prelesnik,* 709 F.3d 558, 561 (6th Cir. 2013) ("[D]istrict courts are precluded from conducting evidentiary hearings to supplement existing state court records when a state court has issued a decision on the merits with respect to the claim at issue"); *Sheppard v. Bagley*, 657 F.3d 338, 343–44 (6th Cir. 2011) (refusing to consider evidence not considered by the state courts in light of *Pinholster*). The United States Supreme Court has explained the reasoning behind this limitation:

> Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so. Provisions like §§ 2254(d)(1) and (e)(2) ensure that "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Id*., at 437, 529 U.S. 420, 120 S.Ct. 1479, 146 L.Ed.2d 435; *see also Richter*, 562 U.S., at ——, 131 S.Ct., at 787 ("Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions"); *Wainwright v. Sykes*, 433 U.S. 72, 90, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) ("[T]he state trial on the merits [should be] the 'main event,' so to speak, rather than a

> 'tryout on the road' for what will later be the determinative federal
> habeas hearing").

*Pinholster*, at 1401. The limitation on evidentiary hearings in habeas corpus cases, as articulated

in *Pinholster,* applies as well to a motion to expand or supplement the record through Rule 7 of

the Rules Governing Section 2254 Cases.  *See, e.g., Caudill v. Conover*, 871 F.Supp.2d 639, 646

(E.D.Ky. May 14, 2012) ("It would defy logic to preclude a petitioner from developing factual

information in an evidentiary hearing [under *Pinholster* ], but allow her to introduce the same

factual information via discovery and expansion of the record").

At this stage of the proceedings, it appears that the state courts adjudicated Petitioner's

claims on the merits. Accordingly,  *Pinholster* requires that this Court's review of Petitioner's

claims be "limited to the record that was before the state court that adjudicated the claim on the

merits." *Id.*, at 1398.

That said, the only habeas corpus claim that the tendered documents may relate to is

Petitioner's claim of insufficiency of the evidence.[4]  In that claim, Petitioner argues "that he only

obtained and exerted control over $180,476.55 in proceeds from the mortgages in the five real

estate transactions" and that this amount makes his theft conviction a third degree felony, rather

than a first degree felony, which requires that the "value of the property or services stolen is one

million dollars or more." *See State v. Anderson*, 2009 WL 4809869, at *4 (citing R.C. §

2913.02(B)(2)).  Even if *Pinholster* does not preclude Petitioner from expanding the record with

these documents, Petitioner also must satisfy the requirements of 28 U.S.C. § 2254(e)(2) before

---

[4] Petitioner's claim of prosecutorial misconduct involves Petitioner's allegation that the prosecutor violated state discovery rules by not disclosing a prosecution witness prior to trial.  *Petition*, PageID# 99.  His claim of ineffective assistance of counsel involves his attorney's alleged conflict of interest based on his prior representation of Petitioner and a co-defendant, and on his alleged familiarity with other prosecution witnesses. *Petition*, PageID# 105.  It is difficult to discern how the documents from the Fairfield and Delaware County Auditors' Offices could assist Petitioner in establishing either of those claims.

he will be permitted to proffer evidence that he failed to present to the state courts. That statute

provides as follows:

> (2) If the applicant has failed to develop the factual basis of a claim
> in State court proceedings, the court shall not hold an evidentiary
> hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on-
>
> (i)     a new rule of constitutional law, made retroactive to cases
>         on collateral review by the Supreme Court, that was
>         previously unavailable; or
> (ii)    a factual predicate that could not have been previously
>         discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish
> by clear and convincing evidence that but for constitutional error,
> no reasonable factfinder would have found the applicant guilty of
> the underlying offense.

28 U.S.C. § 2254(e)(2). Petitioner cannot meet this standard here because none of these public

documents was unavailable to him at the time of trial.

Petitioner's *Motion to Expand the Record*, Doc. No. 7, is therefore **DENIED.**

**Motion for Summary Judgment and Bail**

In his *Motion for Summary Judgment and Bail,* Petitioner contends that, because there is

"no real material issue of dispute" as to his claims, the Court should grant summary judgment in

his favor.  PageID# 2989.  Petitioner also seeks his release on bail.  In his *Motion for Judgment*

*on the Pleading,* Petitioner requests a ruling on his *Motion for Summary Judgment and Bail*.

PageID# 3003.

Respondent contends that Petitioner's habeas corpus claims are either procedurally

defaulted or offer no basis for federal habeas corpus relief.  *Return of Writ*, Doc. No. 14.  Under

these circumstances, summary judgment is unwarranted. Moreover, release of a habeas petitioner

on bail pending a decision on the merits of a habeas petition requires a showing of a substantial

6

claim of law and circumstances making the motion for bail "exceptional and deserving of special treatment in the interests of justice."  *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citing *Aronson v. May*, 85 S.Ct. 3, 5 (1964)). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).  The record fails to reflect that this is such a case.

It is therefore **RECOMMENDED** that Petitioner's *Motion for Summary Judgment and Bail,* Doc. No. 16, and Petitioner's *Motion for Judgment of the Pleading*, Doc. No. 19, be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objections to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                      *s/ Norah McCann King*
                                   Norah McCann King
                                   United States Magistrate Judge

June 20, 2014